**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3007-16T6

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

C.W.,[1]

    Defendant-Respondent.

_____

Submitted May 25, 2017 — Decided June 8, 2017

Before Judges Sabatino, Nugent and Haas.

On appeal from Superior Court of New Jersey,
Law Division, Ocean County, Indictment No. 17-
04-0580.

Joseph E. Krakora, Public Defender, attorney
for appellant (Laura B. Lasota, Assistant
Deputy Public Defender, of counsel and on the
brief).

Joseph D. Coronato, Ocean County Prosecutor,
attorney for respondent (Samuel J. Marzarella,
Chief Appellate Attorney, of counsel; John C.
Tassini, Assistant Prosecutor, on the brief).

PER CURIAM

_____

[1] We use initials to protect the identity and privacy of the alleged
victim, a minor, who resides in close proximity to defendant.

In a prior appeal by the State in this matter, we vacated the trial court's order denying the prosecution's motion for the pretrial detention of defendant. See State v. C.W., ____ N.J. Super. ____, A-2415-16 (App. Div. March 21, 2013). In doing so, we specifically noted that the record was unclear regarding the details of defendant's prior juvenile record and his tier classification under Megan's Law. Id., slip op. at 47-48. We also noted that the trial judge had lacked at the time of his original decision the benefit of the Acting Administrative Director's March 2, 2017 guidance memorandum clarifying the significance of the phrasing of a recommendation by Pretrial Services commonly utilized before that guidance memorandum was issued. Id. at 46-47. We therefore remanded the matter for reconsideration by the trial court, affording the parties and the court the opportunity to "develop or clarify the record further, as may be feasible and fair under the circumstances." Id. at 49-50.

Following our remand, the trial court conducted proceedings at which the State presented numerous additional exhibits containing, among other things, detailed information concerning defendant's juvenile history and his Megan's Law tier classification. Defendant countered with several additional exhibits, including two letters of recommendation. After

considering that additional material and the competing arguments of the prosecutor and defense counsel, the trial court concluded in a supplemental written decision on March 31, 2017 that the State had met its burden under N.J.S.A. 2A:162-15 and N.J.S.A. 2A:162-18(a)(1) by clear and convincing evidence that defendant should be detained before trial, because no amount of monetary bail, non-monetary conditions, or a combination of monetary bail conditions will reasonably assure defendant's appearance in court when required; the protection or safety of any other person in the community; and that the defendant will not obstruct or attempt to obstruct the criminal justice process. In the meantime, a grand jury issued an indictment against defendant charging him with attempted sexual assault, endangering the welfare of a child, and attempted endangering the welfare of a child. The indictment suffices to satisfy the State's burden of showing probable cause for the predicate offense, which is an ingredient of the statutory detention analysis. See N.J.S.A. 2A:162-19(e)(2).

Following the trial court's detention ruling, defendant filed an appeal, which the State has opposed. In his brief, defendant included a procedural argument that his counsel had not been afforded sufficient time to review the State's exhibits before the remand hearing. Consequently, we temporarily remanded the matter to the trial court to afford defense counsel a further opportunity

to present evidence and arguments. We have been advised in a May 18, 2017 letter from the trial court that defendant's trial counsel has stated on the record that "he had sufficient opportunity to investigate on behalf of his client, and he had nothing to add as a material bearing regarding detention of his client." The State, in response, commended any further decision to the trial court's discretion. Thereafter, the trial court reaffirmed its earlier ruling for the reasons it had previously set forth.

Having now duly considered the respective arguments of counsel in their written submissions on the present appeal, we affirm the trial court's detention order for the sound reasons expressed in its oral decision and its sealed written decision dated March 31, 2017. The trial court's decision does not represent an abuse of discretion, in light of the additional information presented to it on remand, and comports with the applicable law. See C.W., supra, ___ N.J. Super. at ___, slip op. at 30 (noting the standard of review).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3007-16T6